USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/27/2021__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

NACHMAN HELBRANS and MAYER ROSNER,

                       Defendants.

S2 19-CR-497-01 (NSR)
S2 19-CR-497-02 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

    The Court has received *pro se* Defendant Mayer Rosner's motions *in limine* (ECF No. 353), and the exhibits in support (ECF No. 353). The Court GRANTS Defendant Nachman Helbrans' motion for leave to join Rosner's motions *in limine*. (ECF No. 354.) The motions *in limine* filed by Rosner will be referred to henceforth as "Defendants' motions *in limine*."

    An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). The Court's "inherent authority to manage the course of its trials" gives it the power to "rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176-77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)).

    A preliminary review of the papers Defendants submitted indicates that they seek an order barring the Government from using terms like "kidnapping" or "abduction" to refer to Defendants' actions and from referring to the Minors as "victims." It also appears that Defendants wish to assert various defenses. Insofar as they are attempting to ascertain whether certain defenses for their conduct are legally available, it is unclear to the Court from their papers what defenses they wish to assert.

The Court is also unsure what relief the Defendants seek as to the over 3,000 pages of exhibits they filed. These exhibits appear to include, *inter alia*, draft affidavits prepared by Helbrans, co-Defendants Jacob Rosner and Matityau Moshe Malka, non-appearing co-Defendants the Weingartens, and non-party Chaim Malka. To the extent that Defendants provided the Court with these affidavits because they wish to call the affiants to testify on behalf of the defense at trial, Defendants are reminded that witness lists are due to the Court by October 12, 2021. Defendants are further advised that they should consult with their standby counsel regarding procedures for subpoenaing witnesses, including detained individuals or those unable to appear in person.

Insofar as Defendants attached various exhibits to their motion because they seek a factual determination; factual determinations will take place during the jury trial.

Accordingly, the Court directs Defendants to clarify, through their standby counsel if necessary, on or before Thursday, September 30, 2021, what relief they are seeking from the Court in their motions in *limine* regarding the evidence or defenses that may or may not be presented at trial, and if they may be presented, for what purpose(s). The Court notes that, if counsel were to file a motion that was as opaque as to the relief sought at that filed by the Defendants here, it would similarly seek clarification from counsel.

The Clerk of Court is directed to terminate the motion at ECF No. 354. Standby counsel for Nachman Helbrans and Mayer Rosner are directed provide a copy of this order to their respective pro se Defendants and to file proof of service on the docket.

Dated: September 27, 2021
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE