UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :

  UNITED STATES OF AMERICA             :

                                            :

      - v. -                         :

                                            :

  NACHMAN HELBRANS and          :       S3 19 Cr. 497 (NSR)
  MAYER ROSNER,                 :

                                            :

         Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

 

**GOVERNMENT'S PROPOSED
<u>EXAMINATION OF PROSPECTIVE JURORS</u>**

 

                                              DAMIAN WILLIAMS
                                              United States Attorney for the
                                              Southern District of New York
                                              One St. Andrew's Plaza
                                              New York, New York 10007

Sam Adelsberg
Jamie Bagliebter
Jim Ligtenberg
Assistant United States Attorneys
      - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
   UNITED STATES OF AMERICA                :
                                                        :
      - v. -                                 :
                                                        :
   NACHMAN HELBRANS, and                    :            S3 19 Cr. 497 (NSR)
   MAYER ROSNER,                            :
                                                        :
           Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of

Criminal Procedure, that the Court include the following questions in its examination of

prospective jurors. The Court is requested to pursue more detailed questioning at sidebar or in

the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in

such an instance, to conclude by asking whether the particular fact or circumstance would

influence the prospective juror in favor of or against either the Government or either defendant.

### Summary of the Case

This is a criminal case. The defendants, Nachman Helbrans and Mayer Rosner, have

been charged in an Indictment with violating certain federal laws. The Indictment was returned

by a grand jury sitting in this District.

The Indictment itself is not evidence. It simply contains the charges that the

Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.

I will now summarize the charges in this case in order to determine whether there is

anything about the nature of this case that may make it difficult or inappropriate for any of you

to serve on the jury.  In brief, Nachman Helbrans and Mayer Rosner were the leaders of a group called Lev Tahor in Guatemala, and are charged with (a) crimes relating to the transportation of a minor for the purposes of illicit sexual activity; (b) crimes relating to the obstruction of the lawful exercise of parental rights; and (c) a crime relating to the unlawful use of a means of identification and entering by false premises a secure area of an airport.

The Indictment contains six charges or counts:

Count One of the Indictment charges that, in December 2018, Helbrans and Rosner conspired – that is, agreed – with each other and others to transport a minor with intent that she engage in sexual activity for which any person can be charged with a crime.

Count Two charges that Helbrans and Rosner conspired with each other and others to travel with intent to engage in illicit sexual conduct in December 2018.

Count Three charges that Helbrans and Rosner conspired with each other and others to commit international parental kidnapping, to unlawfully use a means of identification, and to enter by false pretenses the secure area of an airport in December 2018.

Counts Four and Five charge that Helbrans and Rosner committed international parental kidnapping in December 2018.

Count Six charges that Helbrans attempted to commit international parental kidnapping in March 2019.

1.     Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them?  Have you read or heard anything about this case?

**Ability to Render a Fair Verdict**

2.      Do you feel that you could not fairly and impartially sit as a juror in a case involving the charges that I have described to you?  Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

3.      As I have explained, Counts One, Two and Three charge the defendants with conspiracy, or agreeing to commit a crime.  As I will explain to you in more detail at the end of the trial, agreeing to commit a crime is itself a crime.  It is the agreement itself that is prohibited, and it does not matter if the defendants or their co-conspirators actually completed the objective of the conspiracy.  Does any juror feel that the law should not separately prohibit agreements to commit crimes, as opposed to the commission of the crimes themselves, even if the underlying crime is not successfully completed?

4.      Does the fact that the charges involve allegations of an intent to obstruct the lawful exercise of parental rights affect your ability to render a fair verdict?  Do any of you have any opinion about the enforcement of custody rights that might prevent you from being fair and impartial in this case?

5.      During this trial, you will hear evidence concerning allegations of sexual exploitation of a minor, who was 14 years old at the time of the events charged in the Indictment and is 17 years old today.  Do any of you have views or feelings concerning sexual exploitation that would affect your judgement of this case one way or another, or that would make it difficult for you to view the evidence in this case fairly and impartially?  If so, please explain.

6.      Does the fact that the charges involve allegations of transportation of a minor for sexual activity affect your ability to render a fair verdict?

3

7.      The federal law that applies to this case recognizes that minors, because of their age, cannot "consent" to engage in certain sexual acts with an adult.  This is true even if a minor expresses such consent either through words or actions.  Does any member of the panel believe that a minor should be allowed under the law to consent to engage in sexual acts with an adult?

8.      Has any juror, any member of a juror's family, or any juror's close friend been a party to a custody dispute?

9.      Has any juror been involved—as a defendant, victim, witness, or in any other way—in a case involving a kidnapping or a sex crime involving minors?

10.     Has any juror, any member of a juror's family, or any juror's close friend had any experience, directly or indirectly, with illegal sexual conduct or kidnapping?

11.     Do any of you have any opinion about the enforcement of laws that might prevent you from being fair and impartial in this case?

### Knowledge of the Trial Participants

12.     We are about to select from among you the jurors who will sit in this case.  Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to ensure that both the Government and the defendants receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  It is vital that you provide truthful answers to these questions.  They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

13.     As I already mentioned, the defendants in this case are NACHMAN HELBRANS and MAYER ROSNER.  [Please ask the defendant to stand when his name is

4

called.]  Do any of you know, or have you had any dealings, directly or indirectly, with either

defendant, or with any relative, friend, or associate of either defendant?

14.     To your knowledge, do any of your relatives, friends, associates, or employers

know either defendant?

15.     NACHMAN HELRBANS will be representing himself and will be assisted by

attorneys, Bruce Koffsky, Esq. and Peter Schaffer, Esq. [Please ask counsel to stand when his or

her name is called.]  Do any of you know Mr. Koffsky or Mr. Schaffer?  Have any of you had

dealings, either directly or indirectly, with Mr. Koffsky or Mr. Schaffer?

16.     MAYER ROSNER will be representing himself and will be assisted by Jason

Ser, Esq.  [Please ask counsel to stand when his or her name is called.]  Do any of you know

Mr. Ser?  Have any of you had dealings, either directly or indirectly, with Mr. Ser.

17.     The Government is represented here, as in all cases where it is a party before this

Court, by the United States Attorney for the Southern District of New York, who is Damian

Williams.  The conduct of the trial will be in the immediate charge of Assistant United States

Attorneys Sam Adelsberg, Jamie Bagliebter, Jim Ligtenberg and Daniel Tracer.  They will be

assisted by a paralegal specialist in that office, Shannon Becker.  [Please ask counsel and the

paralegal to stand when their names are called.]  Do any of you know Mr. Williams, Mr.

Adelsberg, Ms. Bagliebter, Mr. Ligtenberg, Mr. Tracer or Ms. Becker?  Have you had any

dealings, either directly or indirectly, with any of these individuals?

18.     At various points during the trial, the Government attorneys will be assisted by

Special Agent Jonathan Lane and Task Force Officer Yakov Polowin of the Federal Bureau of

Investigation.  Do any of you know Special Agent Lane or Task Force Officer Polowin?

19.     Do any of you have strong feelings—negative or positive—about an individual who represents himself at trial?  If so, would that impression or opinion affect your ability to be fair and impartial?

20.     I will now read a list of names of individuals who may be mentioned during the trial, or who may be witnesses in this case:

*[List of names to be supplied*

21.     Do any of you know any of those people?  Have you had any dealings, directly or indirectly, with any of them?  To your knowledge, have any of your relatives, friends, or associates had any dealings with them?

**Knowledge of Locations**

22.     Certain events in this case took place in Woodridge, New York.  Are any of you particularly familiar with that area?

23.     Do you have any significant connection with the countries of Mexico or Guatemala?

**Translations**

24.     Some of the evidence in this case may involve translations of documents or communications in a foreign language, specifically Yiddish.  Do any of you speak or understand Yiddish?  Because all jurors are to consider the same evidence, a juror who understands Yiddish is to rely on the official English translation provided even if that translation differs from the juror's understanding of the testimony.  Would you have any difficulty following that instruction?

**Views on Certain Witnesses, Investigative Techniques, and Evidence**

25.     The witnesses in this case will include law enforcement witnesses.  Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?  Would any of you be less likely to believe a witness merely because he or she is a member of a law enforcement agency?

26.     Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?  Would you have a bias for or against the Government because the Government conducted such a search, or used evidence obtained from such a search?

27.     Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

28.     Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in uncovering evidence of or prosecuting a crime?

29.     The defendants are charged with acting with others in committing the alleged crime.  Those other individuals are not on trial in this case.  You may not draw any inference, favorable or unfavorable, towards either defendant or the Government from that fact.  You also may not speculate as to the reason why other persons are not on trial at this time.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

7

30.     If this trial generates media attention, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to media reports concerning the case—including coverage of the case in social media like Facebook and Twitter—until after this case is over?  If not, please raise your hand.

## Relationship with the Government

31.     Does any juror, or his or her relative or close friend, work in law enforcement, the justice system, or the courts?  In what capacity?  Has any juror had any contact with anyone in law enforcement, the justice system, or the courts that might influence his or her ability to evaluate this case?

32.     Does any juror know, or have any association—professional, business, or social, direct or indirect—with any member of the United States Attorney's Office for the Southern District of New York?

33.     Does any juror know, or have any association—professional, business, or social, direct or indirect—with any member of the FBI or the New York State Police?

34.     Have you, or has any member of your family, either as an individual or in the course of his or her business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service?  Have you had any legal, financial, or other interest in the outcome of such a dispute?  Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

35.     Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice or other feelings for or against the United

8

States Department of Justice, the United States Attorney's Office for the Southern District of New York, the FBI or the New York State Police?

36.      Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias or prejudice or other feelings for or against law enforcement?

**Prior Jury Service**

37.      Have you ever served as a juror in a trial in any court?  If so, in what court did you serve and was it a civil or criminal case?  What type of case was it?  Without telling us what the verdict was, did the jury reach a verdict?

38.      Have you ever at any time served as a member of a grand jury, whether in federal, state, county, or city court?  If so, when and where?

**Experience as a Witness, Defendant, or Crime Victim**

39.      Have any of you, or your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a congressional or state legislative committee, licensing authority, or governmental agency?  Have you or anyone close to you been questioned in any matter by a law enforcement agency?

40.      Have you ever been a witness or a complainant in any hearing or trial?

41.      Are you or any member of your family now under subpoena, or, to your knowledge, about to be subpoenaed in any criminal case?

42.      Have you, any member of your family, or any of your close friends ever been charged with a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.*]

9

43.     Has any juror or any friend, associate, or relative ever been a victim of a crime?

[*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.*]

44.     Has any juror, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by a congressional committee?

45.     Has any juror ever studied or practiced law or worked in any capacity for a law office?

### Experience with Experts

46.     You may hear testimony in this case by expert witnesses.  Let me advise you that the use of expert testimony is proper in the context of this case.  Has any juror had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

### Basic Legal Principles

47.     Under the law, the facts are for the jury to decide and the law is for the Court.  The two areas are separate and distinct.  At the end of the case, I will instruct the jury on the law, and the jury is required to accept and apply the law as I explain it.  If you are on the jury, you must accept the law as I explain it, even if you disagree with my explanation of the law.  Do any of you believe that you would have any difficulty following this instruction?  If so, please raise your hand.

48.     Do any of you have any legal training, or have any relative or close friend who is an attorney?  If so, would this for any reason prevent you from applying the law in this case as

stated by the Court?  Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as jurors?

49.      Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's guilt beyond a reasonable doubt with respect to that particular count.  Would any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

50.      In a criminal case the burden of proof remains with the prosecution.  It never shifts to the defendant.  For the jury to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering with respect to the defendant you are considering.  A person charged with a crime has absolutely no burden to prove that he or she is not guilty.  Would any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

51.      You are required by law to make your decision based solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

52.      A defendant in a criminal case has the right to testify and the right not to testify. If a defendant does not testify, the jury may not draw any inference against him based on that decision.   The fact that a defendant chooses not to testify may not enter into a jury's deliberation at all.   If you have any difficulty accepting this legal principle, please raise your hand.

11

53.     Under the law, the question of punishment, if any, is for the Court—that is, for me—to decide, and thus the issue of possible punishment must not enter into your deliberations as to whether the defendants on trial here have been proven guilty beyond a reasonable doubt. Are any of you unable to accept that instruction?  If so, please raise your hand.

54.     It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Do any of you feel that, even if the evidence established the guilt of the either defendant beyond a reasonable doubt, you might not be able to render a guilty verdict against the defendants for reasons unrelated to the law and the evidence, including any religious, philosophical, or other belief?  If so, please raise your hand.

55.     In the alternative, if the Government fails to prove either defendant's guilt beyond a reasonable doubt, is there any juror who feels he or she could not render a verdict of not guilty with respect to that defendant?  If so, please raise your hand.

56.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?  If so, please raise your hand.

57.     From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom—what we call a "sidebar"—or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural

issues or how certain evidence is to be treated under the rules of evidence and to avoid

confusion and error.

**Ability to Sit as Jurors**

58.     Does any juror have a problem with his or her hearing or vision, or any other

medical problem, which would prevent him or her from giving full attention to all of the

evidence at this trial?

59.     Is any juror taking any medication that would prevent him or her from giving full

attention to all the evidence at this trial?

60.     Does any juror have any difficulty reading or understanding the English

language in any degree?

61.     Do any of you have any religious, philosophical, or other beliefs that would

make you unable to render a guilty verdict in a criminal case?

62.     Some of the witnesses, victims, and defendants in this case may be of a particular

religious faith.  Do any of you have any beliefs that would make you unable to render a guilty

verdict in a criminal case involving participants of a particular religious persuasion?

63.     After the jury is selected, we will begin opening statements and then the

presentation of evidence.  The trial in this case should last approximately two weeks.  Is there

any juror for whom the proposed trial schedule presents an insurmountable problem, one that

would make it truly impossible for the juror to serve?

**Questions for Individual Jurors**

I am now going to ask each of you a few questions designed to give the parties a

better idea of you as a person.  Again, these questions are not designed to embarrass you or

make you feel uncomfortable.   They are simply meant to give the parties a little more

information about you.

64.     What is your county of residence?  How long have you lived there?  *[If Sullivan*

*County, it is requested that the Court inquire as to the general neighborhood.]*

65.     What is the highest level of schooling you have completed?

66.     What is your present employment?  How long have you held your current

position?  If retired, what did you do before?

67.     Do you have a spouse or partner?  If so, how is he or she employed?

68.     Do you have any children?  How old are they?  If they are adults, how are

they employed?

69.     Is there anyone else living in your household?  Who?  What do they do for a

living?

70.     Which magazines, newspapers, and other periodicals do you read on a

regular basis?

71.     What television and radio programs do you watch or listen to on a regular

basis?  Which, if any, do you rely on for news?

72.     What Internet websites do you visit on a regular basis?  What Internet sources,

if any, do you rely on for news?

73.     Do you use online social networking sites, such as Facebook, Twitter, LinkedIn,

or Instagram?  Will you be able to follow my instructions not to "post" or "message" or "chat"

or communicate in any way on social networking sites about the case during your service as a

juror?  Will you be able to follow my instructions not to do online research about the defendant,

witnesses, or charges in this case?

14

74.    Have you ever served in the military?

75.    Do you belong to or volunteer your time to any associations, organizations, clubs or unions?

76.    What else do you do in your spare time?

### Summary Question

As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror.  So let me ask you one final time, is there anything—whether I have asked specifically about it or not—that would affect your ability to render a fair and impartial verdict in this case?

### Requested Instructions Following Empanelment of the Jury

From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your own family or friends.

If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me.

In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom they will, and should, ignore you.  Please do not take offense. They will only be acting properly by doing so.

If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. Of course, I do not expect anything unusual or improper to happen.

You are not to visit any crime scenes or locations mentioned during the trial. Nor are you to Google or otherwise research any aspect of this case including any of the underlying facts regarding the crimes that are the subject of this trial. Further, you are not to post anything regarding the trial or your thoughts on the trial on Facebook, Twitter, or any other form of social media until the trial concludes. Indeed, you are not to discuss this case at all until you are deliberating in the jury room.

Dated: White Plains, New York
       October 12, 2021

                                Respectfully submitted,

                                DAMIAN WILLIAMS
                                United States Attorney

                By:             /s/
                                Sam Adelsberg
                                Jamie Bagliebter
                                Jim Ligtenberg
                                Assistant United States Attorneys

16