

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

October 17, 2021

**BY EMAIL AND MAIL**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Nachman Helbrans and Mayer Rosner*, S3 19 Cr. 497 (NSR)

Dear Judge Román:

    The Government respectfully submits this letter in advance of the supplemental final pretrial conference to provide the Court with the Government's preliminary views regarding the defendants' witness list. Based on an initial review of the list – which does not contain critical information about the relevance and availability of the witnesses – the Government has significant concerns about the propriety and admissibility of most of the witnesses listed therein.

    **I.**    **Applicable Law**

    Under Rule 401 of the Federal Rules of Evidence, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Abel,* 469 U.S. 45, 50 (1984). Determinations of relevance lie within the sound discretion of the trial judge. *See United States v. Quiroz,* 13 F.3d 505, 514 (2d Cir. 1993); *United States v. Hill*, 279 F. App'x 90, 95 (2d Cir. 2008) (affirming the trial judge's preclusion of testimony deemed irrelevant because it "related to events entirely outside the scope of the charged conspiracy, and . . . there was no evidence or argument that [the defendant] was involved in robberies with his co-conspirator prior to the time frame charged in the indictment's conspiracy count").

    Even where a fact is relevant, it must be proven by competent testimony. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter," Fed. R. Evid. 602, and "the party calling a witness has the burden of demonstrating that the witness is qualified to testify under Rule 602," Wright & Miller, 27 Fed. Prac. & Proc. Evid. §6027 (2d ed.). Indeed, "[t]he district court must ensure that the proponent establishes a proper foundation for any evidence before it is admitted, such that it can find that the witness has personal knowledge and is not testifying to inadmissible hearsay." *United States v. Robinson*, 206 Fed. Appx. 80, 83 (2d Cir. 2006) (internal citation omitted). The

requirement of personal knowledge also prohibits speculative testimony from witnesses. *See, e.g.*, *United States v. Ortiz*, 962 F. Supp. 2d 565,574 (S.D.N.Y. 2013) (A "witness has personal knowledge if he testified from general observation and knowledge, and not upon conjecture or hearsay." (quoting *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 764 (2d Cir. 1991))).

Moreover, even if testimony is deemed relevant and to have an adequate foundation, such evidence may be precluded under Rule 403 if cumulative of other evidence in the record, if the evidence would confuse the issues, or if the evidence is only marginally relevant. *See United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir. 1995) ("While few rights are more fundamental than that of an accused to present witnesses in his own defense, this right does not preclude a judge from placing reasonable restrictions on the admission of evidence based on the concerns as to prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." (cleaned up)); *United States v. Jamil,* 707 F.2d 638, 643 (2d Cir.1983) ("Evidence is cumulative when it replicates other admitted evidence."); *United States v. Bout*, 651 F. App'x 62, 64 (2d Cir. 2016) (finding no abuse of discretion where district court determined that testimony would be needlessly cumulative and defendant failed to provide an adequate proffer of the witness's expected testimony); *see also United States v. Nouri*, 711 F.3d 129, 145 (2d Cir. 2013) (deeming district court "well within its discretion" to preclude testimony on customary commissions by brokerage firms where cumulative of other evidence at trial); *see also United States v. Ginsberg*, 758 F.2d 823, 831 (2d Cir. 1985) (defendant must show that witness's testimony is "not merely cumulative to the testimony of available witnesses").

With respect to each of these limitations, as the proponent of the testimony, the defendant "bear[s] the burden of demonstrating the admissibility" of the evidence. *United States v. Camacho*, 353 F. Supp. 2d 524, 535 (S.D.N.Y. 2005). Before the Court can admit the disputed testimony, the defendant must demonstrate its admissibility by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."). To make such a showing as to the proposed testimony, the defendant should "inform[] the court of its substance by an offer of proof," Fed. R. Evid. 103, so the Court can "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible," Fed. R. Evid. I 04(a).

## II.  Discussion

While the Government will formally set forth any objections following the defendants' proffers regarding the relevance and availability of their proposed witnesses, in the interest of efficiency we respectfully submit that the testimony of many of these witnesses would appear to be some combination of irrelevant, cumulative, confusing, or only marginally relevant. The Court should preclude any such witnesses from testifying at trial under Federal Rules of Evidence 401 and 403. To aid the Court in conducting its analysis, the Government respectfully submits the following preliminary views regarding the defendants' witness list:

- In the Court's Opinion and Order (the "Opinion") resolving the parties' motions *in limine* (Dkt. No. 388), the Court precluded the defendants from presenting evidence about the

process by which the Family Court order was obtained and concluded that the minors' consent is irrelevant to the charges. (Opinion at 54, 58). Without information to the contrary, the Government believes that several proposed witnesses are being called with the intention of eliciting evidence that would fall into that category and should therefore not be permitted. Examples of these witnesses include:

- o 111. Devorah Lebovitz – Notary Public Certified in Kings County
- o 209. Judge Lisa Joy Friederwitzer, Kings County Family Court
- o 215. Asher Brian White, Brooklyn, NY

- The Opinion precluded the defendants from presenting evidence of the "bad character of the Mother or any of her alleged collaborators unless it is directly related to their treatment of the Minors or the offenses charged in this case." (Opinion at 61). The defendants are also precluded from "presenting evidence of Kasho's decades of crimes against Lev Tahor or attacks on Lev Tahor members not directly related to domestic violence toward the Minors." (Opinion at 61). Without information to the contrary, the Government believes that several proposed witnesses are being called with the intention of eliciting evidence that would fall into that category and should not be permitted. Examples of these witnesses include:

  - o 13. Yite Sirtze Teller
  - o 14. Duvid Teller
  - o 198. Natan Simcha Eliezer Albrans-Helbrans, Quebec, Canada

- The Opinion precluded the defendants from making a selective prosecution claim. (Opinion at 70). Without information to the contrary, the Government believes that several proposed witnesses are being called with the intention of eliciting evidence that would fall into that category and should not be permitted. Examples of these witnesses include:

  - o 221. Geoffrey S. Berman – Former United States Attorney for the Southern District of New York
  - o 222. Audrey Strauss - Former United States Attorney for the Southern District of New York
  - o 223. William F. Sweeney Jr. - Assistant Director-in-Charge of the New York Office of the Federal Bureau of Investigation

- The Opinion "precluded the defendants from presenting evidence at trial of historic persecution by the United States or any other government entity or from detailing long-standing tensions between Lev Tahor and any other community." (Opinion at 71). Without information to the contrary, the Government believes that several proposed witnesses are being called with the intention of eliciting evidence that would fall into that category and should not be permitted. Examples of these witnesses include:

- o   124. Chris Campbell – Journalist at the Canadian Television Channel CTV Windsor, Ontario
- o   129. Dave Van Kesetern – Member of Parliament of Canada
- o   168. Liliana María Guzmán Rodas – Secretary of the Attorney General of Guatemala

- The Opinion precluded the defendants from presenting evidence of the Mother's falling out with the Lev Tahor community and from presenting evidence of marital problems between the Mother and Aron Teller.  (Opinion at 60).  The defendants' witness list includes approximately 100 purported members of the Lev Tahor community. (*See* Witness List at 2-5).  To the extent any of these individuals would fall into either of these categories, such testimony should not be permitted.  Moreover, it seems plainly impossible that all of these witnesses will be providing relevant non-cumulative evidence. [1]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s/
Samuel Adelsberg
Jamie Bagliebter
Jim Ligtenberg
Daniel Tracer
Assistant United States Attorneys
(212) 637-2494 / 2236 / (914) 993-1953

cc:   Defense Counsel (by ECF)
      *Pro Se* Defendants (by mail)

---

[1] On October 17, 2021, the Government requested from stand-by counsel the names of witnesses, if any, for whom the defendants will be seeking Rule 17 subpoenas. A district court may "deny a request for a subpoena where the testimony of the witness would be only cumulative, where the defendant is vague as to the witness's potential evidence and is also aware that the witness might invoke the Fifth Amendment, or where the witness would only give irrelevant testimony not necessary to an adequate defense."  *United States v. Taylor*, 562 F.2d 1345, 1362 (2d Cir. 1977) (cleaned up); *see also Ozsusamlar*, 2007 WL 2200694, at *4 (denying request for 17(b) subpoenas for witness testimony from FBI agents, MCC corrections officers and inmates, among others, for post-trial hearing); *United States v. Brown*, 2008 WL 2622920, at *2 (D. Vt. June 30, 2008) (denying several requests for subpoenas due to pro se defendant's failure to make "any showing that any of th[e] witnesses are necessary to his defense."); *United States v. James*, 2005 WL 8161680, at *1 (EDNY July 15, 2005) ("To show that a witness is necessary, the defendant must demonstrate that the witness's testimony would be relevant, material, and useful to his defense.").

[Type text]

---

To the extent the defendants are seeking Rule 17(b) subpoenas for any witnesses, the defendants must explain—with specificity—the relevance and materiality of the requested testimony and clarify how such testimony would not be precluded under Rule 403. Once the Government receives this information, we will be in a position to provide our specific views and any objections to the Court.