

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

October 31, 2021

**BY ECF**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      **Re:** *United States v. Nachman Helbrans and Mayer Rosner*, S3 19 Cr. 497 (NSR)

Dear Judge Román:

      The Government respectfully submits this letter in advance of the anticipated testimony of Adam Brudzevski, to address the defendants' argument that Mr. Brudzevski's testimony will be needlessly cumulative. For the reasons discussed below, none of Mr. Brudzevski's anticipated testimony will be needlessly cumulative, and no testimony should be precluded on that basis. The Government intends to present Mr. Brudzevki's testimony in a streamlined manner that will limit any needless delay.

    **I.**    **Background**

      Throughout these proceedings, the defendants have repeatedly attempted to preclude and limit the testimony of Mr. Brudzevski. On September 24, 2021, the Government moved *in limine* to introduce testimony from Mr. Brudzevski regarding Nachman Helbrans' and Mayer Rosner's close and direct involvement in child marriages, and Mayer Rosner's close and direct involvement in Mr. Brudzevski's sex life with his 15-year-old bride. *See* Dkt. 352, at 12.

      On October 12, 2021, in an opinion and order on the motions *in limine*, Your Honor held that testimony from Mr. Brudzevski regarding "marriage and sexual practices" within Lev Tahor is relevant and admissible. Dkt. 388, at 33-37. The Court further concluded that testimony from Mr. Brudzevski regarding Nachman Helbrans' and Mayer Rosner's direct involvement in child marriages and—in particular—Mayer Rosner's direct involvement in Mr. Brudzevski's sex life with his minor wife, is relevant and admissible. *Id.* However, the Court precluded the Government from eliciting testimony from Mr. Brudzevski that Rosner told him to use force against his wife if necessary. *Id.* at 36.

      On October 20, 2021, the defendants asked the Court to re-visit its decision, and moved the Court to preclude Mr. Brudzevski's testimony. Dkt. 409. The defendants raised a variety of

objections to the anticipated testimony, including by arguing that it is "stale, based on hearsay, in violation of Federal Rule 403 and is otherwise irrelevant to this prosecution." Dkt. 409, at 1.

The Government responded the next day—October 21, 2021—and again pointed out that the testimony of Mr. Brudzevski is admissible both as direct evidence of the sexual exploitation conspiracies and, in the alternative, pursuant to Rule 404(b) to show the defendants' motive, intent, knowledge, opportunity, and a common scheme or plan. Dkt. 410.

The Court addressed the issue, once again, at a conference on October 22, 2021. After argument from the parties, the Court concluded as follows:

> I see no basis for precluding this witness. The Court has already ruled on this issue, previously addressed this issue in its prior decision. The Court finds it relevant. To the extent that the defendants or defense counsel may think that such testimony is stale and that it happened at a time when these individuals were not the main leaders or played a role in such decisions within the community, you have a right to cross-examine the witnesses on those issues, but it's consistent with the Court's prior rulings. Accordingly, this witness will be permitted to testify over the defendants' objection

Tr. at 10.

Most recently, on October 29, 2021, the defendants tried—once again—to preclude Mr. Brudzevski from testifying. This time, they tried a new argument: that Mr. Brudzevski's testimony "would simply be cumulative to testimony that this jury has already heard from [Shimon] Malka and [Sara Helbrans]." Tr. at 1063. The Court responded:

> All right. I understand that some of the testimony may be cumulative, but that's not the sole basis for excluding testimony. I've already ruled on it. What I would ask, though, is that if a substantial portion of the testimony is going to be cumulative, then you should get to the point as quickly as possible. So those comments are directed at the government.

Tr. at 1064.

**II.     Relevant Law**

Pursuant to Federal Rule of Evidence 403, "The court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of . . . *needlessly* presenting cumulative evidence." Fed. R. Evid. 403 (emphases added). As the language suggests, the presentation of cumulative evidence is not prohibited. Rather, the rule allows the court to preclude evidence that is *needlessly* cumulative, such that the probative value of the evidence is *substantially* outweighed by the need for the Court to prevent trials from dragging on for too long. "Because Rule 403 permits the exclusion of probative evidence, it is an extraordinary remedy that must be used sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990); *see also, e.g., United States v. Watman*, 766 F.3d 1219, 1241 (10th Cir. 2014) (Rule 403 is "an extraordinary remedy [that]

should be used sparingly."); *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996) ("Because Rule 403 requires the exclusion of relevant evidence, it is an extraordinary measure that should be used sparingly.").

The Government, because of its heavy burden of proof, is entitled to present cumulative evidence. *United States v. Gallo*, 543 F.2d 361, 365 (D.C. Cir. 1976); *see United States v. Robinson*, 702 F.3d 22, 37–38 (2d Cir. 2012) (affirming district court's admission of defendant's conversations with prostitutes other than the victim—even though defendant had already stipulated that he had "promoted prostitution on an occasion in the past"—and concluding that the conversations "were not cumulative of [the defendant's] stipulation" since the "stipulation did not 'complete the story'"); *United States v. Kalish*, 403 F. App'x 541, 546 (2d Cir. 2010) (affirming lower court's admission of 43 different fraudulent transactions and finding that the evidence was "not needlessly cumulative"); *United States v. Raniere*, No. 18 Cr. 2041 (NGG), 2019 WL 2212639, at *8 (E.D.N.Y. May 22, 2019) (rejecting defense argument that testimony that "may corroborate" facets of other witnesses' testimonies is needlessly cumulative). The assertion that evidence of a proposition is cumulative "implies that the other evidence . . . was more than sufficient." *Gallo*, 543 F.2d at 365. If a defendant is willing to stipulate that the Government has established a fact beyond a reasonable doubt, then the preclusion of cumulative evidence may be appropriate. But where the defendant will not so stipulate, the Government is generally allowed to present cumulative evidence. *See id.* "The Government has a heavy burden of proof beyond a reasonable doubt as to all elements of the offense, and it is not to be restricted to a modest quantum of evidence that will support the indictment." *Id.*

### III. Discussion

As the Court has already concluded, Mr. Brudzevki's anticipated testimony is relevant, highly probative, and not needlessly cumulative. The Court should therefore reject the defendants' last-ditch attempt to preclude Mr. Brudzevki's testimony. Consistent with the Court's instructions, the Government will present Mr. Brudzevki's testimony in an efficient manner.

First, Mr. Brudzevki's anticipated testimony is not cumulative. For example, while other witnesses have testified regarding Lev Tahor's marriage and sexual practices, they have not testified as to Mayer Rosner's direct involvement in the sex lives of underage girls, and his efforts to ensure that the underage girls are having sex with their husbands. This evidence is highly probative to whether one of Mr. Rosner's significant or motivating purposes in reuniting an underage bride (Jane Doe) with her husband was for them to have sex.

Moreover, to the extent that other testimony of Mr. Brudzevski is cumulative, it is not *needlessly* cumulative, which would be the basis for precluding any of it. Because the Government has a heavy burden, and must prove beyond a reasonable doubt that one of the defendants' significant motives in kidnapping Jane Doe was to return her to an illicit sexual relationship, the Government is entitled to present cumulative evidence. *Gallo*, 543 F.2d at 365. For example, the Government is permitted to present evidence that Nachman Helbrans and Mayer Rosner participated in child marriages other than those already mentioned by Shimon Malka and Sara Helbrans, and it is permitted to present evidence that they played substantial roles in those marriages that Shimon Malka and Sara Helbrans did not mention. And to the extent that Mr.

Brudzevski testifies about Nachman Helbrans' and Mayer Rosner's participation in marriages that *were* mentioned by Shimon Malka and Sara Helbrans, that is permitted as well—since, of course, it is not *needlessly* cumulative for the Government to corroborate its witnesses.

It is clear from the defense case so far that they intend to vigorously dispute that illicit sexual conduct was among the defendants' significant motives for the kidnapping. If the defendants were willing to stipulate that they were deeply involved in child marriages, and that they were deeply involved in ensuring that underage girls had sex with their husbands, then perhaps some of Mr. Brudzevski's testimony would be needlessly cumulative. But defendants have made no such stipulation, and they clearly intend to dispute the Government's arguments regarding their significant and motivating purposes. As such, the Government is allowed to present Mr. Brudzevski's testimony to meet its heavy burden.

The defendants have been trying—again and again—to preclude Mr. Bruzevski's testimony on various grounds. Given these repeated attempts, it seems clear that the defendants' true concern is not that Mr. Brudzevski's testimony would be needlessly cumulative and make the trial last an hour or two longer. Instead, they want to preclude Mr. Brudzevski's testimony because it is *not* cumulative—and certainly not *needlessly* cumulative—and because it is highly relevant to the sexual exploitation offenses charged in Counts One and Two. Because this evidence is relevant, highly probative, and not needlessly cumulative, the Court should permit it to go forward.

The Government intends to present Mr. Brudzevski's testimony in an efficient, streamlined manner that will allow the case to move forward quickly.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Samuel Adelsberg
Jamie Bagliebter
Jim Ligtenberg
Daniel Tracer
Assistant United States Attorneys
(212) 637-2494 / 2236 / (914) 993-1953

cc: Defense Counsel (by ECF)