

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

November 1, 2021

**BY ECF**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Nachman Helbrans and Mayer Rosner*, S3 19 Cr. 497 (NSR)

Dear Judge Román:

      The Government respectfully submits this letter to request that certain language be added to the jury instructions to clarify the relevant law. These changes are necessary in light of defense arguments and, in particular, a misstatement of the law in defense counsel for Mayer Rosner's opening statement. Attached is a revised draft of the Government's requests to charge, with the proposed changes tracked. For the reasons discussed below, the Government respectfully requests that the Court incorporate these proposed changes into the jury instructions.

      In his opening statement on behalf of Mayer Rosner, defense counsel misstated the law with respect to 18 U.S.C. §§ 2423(a) and 2423(b)—as relevant to Counts One and Two. Defense counsel stated, "the government must prove that Mr. Rosner conspired to transport Jane Doe with a significant and motivating purpose, *the* significant and motivating purpose—let me say that again—*the* significant and motivating purpose that Jane Doe engage in sexual activity." Tr. 382 (emphases added).

      That is not the law. Case after case—from both the Second Circuit and other circuits—make absolutely clear, under both § 2423(a) and § 2423(b): (1) that the Government need only prove that *one of the* significant or motivating purposes of the transportation or travel was illegal sexual conduct; (2) that illegal sexual conduct need not be the primary or most important purpose of the transportation or travel; and (3) that the Government need only prove that the illegal sexual conduct was more than merely incidental to the transportation or travel. *See, e.g.*, *United States v. Donaldson*, 577 F. App'x 63, 66 (2d Cir. 2014) (holding that "[t]he fact that [the defendant] also had a business purpose in making the trips did not preclude a finding of criminal intent to sexually assault his minor passengers," since "[t]he contemplated unlawful sexual activity need not be the defendant's sole purpose for transporting a minor in interstate or foreign commerce" (citation omitted)); *United States v. Vargas-Cordon*, 733 F.3d 366, 376-77 (2d Cir. 2013) ("[T]he contemplated unlawful sexual activity need not be the defendant's sole purpose for transporting a minor in interstate or foreign commerce. Rather, it must only be a 'dominant purpose' of the

transportation. This can include being one of multiple dominant purposes . . . . [A] jury need only find that illegal sexual activity was one of the dominant motives for the interstate transportation of the minors, and not merely an incident of the transportation." (cleaned up)); *United States v. Miller*, 148 F.3d 207, 211 (2d Cir. 1998) ("It need not have been his only purpose or motivation, but it must have been more than merely incidental."); *United States v. Johnson*, 775 F. App'x 794, 798 (6th Cir. 2019) (holding that "[i]llicit sexual conduct need not be the defendant's only purpose for travel, or even his dominant purpose"); *United States v. Schneider*, 801 F.3d 186, 194 (3d Cir. 2015) ("'It now appears settled that . . . immoral conduct, need not be the sole reason for the transportation; the Act may be violated if [immoral conduct] is a dominant or a compelling and efficient purpose. Despite the contrary implication suggested by the word 'dominant,' it need not be the most important of defendant's reasons when multiple purposes are present.'" (collecting cases from across the circuits)); *see also id.* ("Thus, resuming sexual contact with the victim need not be [the defendant's] only or most important purpose for a jury to convict him of violating § 2423(b)."); *United States v. Hoschouer*, 224 F. App'x 923, 925, 927 (11th Cir. 2007) (affirming jury instruction stating that the Government "does not have to show that engaging in criminal sexual activity with a minor was the Defendant's only purpose, or even his primary purpose," but that, instead, the Government "must show it was one of the motives or purposes"; *i.e.*, that "the Defendant's criminal purpose was not merely incidental to the travel"); *United States v. Julian*, 427 F.3d 471, 485 (7th Cir. 2005) (rejecting argument that illegal sexual activity "must have been the sole or dominant (in the sense of being the most important) purpose" of the transportation); *United States v. Her*, 221 F.3d 1339, 2000 WL 868599, at *1 (7th Cir. 2000) ("To establish a violation of § 2423(a), the government . . . is not required to prove that engaging in criminal sexual activity with a minor was the primary purpose of traveling in interstate commerce, but only that it was a dominant purpose, as opposed to an incidental one."); *United States v. Vang*, 128 F.3d 1065, 1070-72 (7th Cir. 1997) (rejecting argument that § 2423(b) requires the Government to prove that illegal sexual activity was "the" dominant purpose of the travel, and holding that the Government is only required to show that the immoral purpose was "*one of the purposes* motivating the interstate transportation" (emphasis added)); *see also id.* at 1072 ("Despite the contrary implication suggested by the word 'dominant,' [an immoral purpose] need not be the most important of defendant's reasons when multiple purposes are present." (citation omitted).[1]

---

[1] *See also, e.g.*, *United States v. Perkins*, 948 F.3d 936, 939 (8th Cir. 2020) ("To prove the intent element under § 2423(a), the illicit behavior must be one of the purposes motivating the interstate transportation, but need not be the dominant purpose, and the sexual activity just may not be merely incidental to the trip." (cleaned up)); *United States v. Lindsay*, 931 F.3d 852, 864 (9th Cir. 2019) (holding that 2423(b) does not require the Government to prove that illicit sexual conduct was the only purpose for the travel, and concluding that, since there can be "multiple intentions" for the travel, the Government need only prove that illicit sexual conduct was *one of the* motivating purposes of the travel); *United States v. Goodwin*, 719 F.3d 857, 862 (8th Cir. 2013) (holding—in case in which the defendant argued that his purpose was "to free [the child] from an abusive household"—that "the illicit behavior must be one of the purposes motivating . . . the interstate transportation, but need not be the dominant purpose," and that "[t]he sexual activity just may not be merely incidental to the trip"); *United States v. Bonty*, 383 F.3d 575, 578 (7th Cir. 2004) ("The government need only prove that a 'significant' or 'compelling' purpose of the trip—not the dominant purpose—was to commit aggravated assault."); *United States v. Hayward*, 359 F.3d 631, 638 (3d Cir. 2004) (rejecting argument that criminal sexual activity must be "the" dominant

In order to reflect the actual law under §§ 2423(a) and 2423(b), and to ensure that the jury is not confused or influenced by the misstatement of the law in defense counsel's opening statement, the Government respectfully requests that the Court instruct the jury consistent with the attached, revised version of the Government's requests to charge.

In addition to clarifying the actual law pursuant to §§ 2423(a) and 2423(b), the Government's revised requests to charge also include additional language regarding the validity of the custody order that Sara Helbrans obtained from the Brooklyn family court. This language is necessary in light of some of defense counsel's cross-examination of Ms. Helbrans, which may have caused the jury to question the validity of the family court order. As your Honor has already concluded, the legitimacy of the family court order is not in question, and any argument or suggestion that it was illegitimately obtained is precluded. *See, e.g., United States v. Helbrans*, No. 19 Cr. 497 (NSR), 2021 WL 2873800, at *11 (S.D.N.Y. July 8, 2021) (holding that the "[d]efendants' contention that the Kings County Family Court should not have granted sole custody to the Mother did not entitle them to disobey it."). The Government therefore respectfully requests that the Court charge the jury as indicated in the attached requests to charge.

Finally, the Government's revised requests to charge removes an instruction pertaining to the defendants proceeding *pro se* and adds an instruction pertaining to the Court's order that Jane Doe testify by video pursuant to 18 U.S.C. § 3509.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Samuel Adelsberg
Jamie Bagliebter
Jim Ligtenberg
Daniel Tracer
Assistant United States Attorneys
(212) 637-2494 / 2236 / (914) 993-1953

cc: Defense Counsel (by ECF)

---

purpose of the travel, and noting that the other six circuits that had previously addressed the issue all reached the same conclusion); *United States v. Cole*, 262 F.3d 704, 709 (8th Cir. 2001) ("The illicit behavior must be 'one of the purposes motivating . . . the interstate transportation,' but need not be the dominant purpose." (citations omitted)).