# Koffsky & Felsen, LLC

1150 Bedford Street
Stamford, Connecticut  06905
Tel.  (203) 327-1500
Fax.  (203)  327-7660
bkoffsky@snet.net

**Via ECF**

November 1, 2021

Hon. Judge Nelson S. Roman
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, N.Y.  10601

**Re:** **United States v. Helbrans**
**7:19cr497 (NSR)**

Dear Judge Roman:

The defendant, Nachman Helbrans, joined by defendant Mayer Rosner, respectfully moves this Honorable Court, in limine, to preclude the testimony of government's proposed summary witness.  The defendants submit that any evidence offered by the government through this summary witness, if offered as an expert, would violate of Federal Rule of Evidence 702, and if offered as a lay witness, would violate Federal Rule of Evidence 701.

Should the government seek to admit this "summary witness" as an expert under FRE 702, the defendants submit that such testimony would run afoul of the Second Circuit's admonition not to permit the testimony of an individual whom the "government has found… who is expert on precisely those facts that the government must prove to secure a guilty verdict." United States v. Mejia, 545 F. 3d 179 (2d Cir. 2008).  The government has neither adequately noticed the testimony of this "summary witness" with the predicate filings required of an "expert witness" nor can the government demonstrate that the testimony to be offered "concerns' matters that the average juror is not capable of understanding on his or her own. Id.; see  also United States v. Ammo, 21 F.3d 1251, 1263 (2d Cir. 1994).

Should the government seek to admit the summary witness's testimony as opinion testimony through a lay witness pursuant to FRE 701, such testimony would be equally objectionable as such evidence is not properly received "merely to tell the jury what result to reach." U.S. v. Garcia, 413 F.3d 201, 210 (2d Cir. 2005); see 4 Weinstein's Federal Evidence § 701.05 (2d ed. 2004) (noting that courts should be wary of opinion testimony whose "sole function is to answer the same question that the trier of fact is to consider in its deliberations").  Permitting

summary witnesses in limited circumstances in complex cases and for summarizing voluminous records as contemplated by FRE 1006 may be appropriate, but nothing about this present prosecution is of such complexity as to permit the government to use a summary witness as a substitute or supplement for its closing argument. *See U.S. v. Baker*, 923 F.3d 390 (5th Cir. 2019).

WHEREFORE, for the foregoing reasons, the defendants respectfully request that the summary witness's testimony be precluded.

Respectfully submitted,

_/s/ *Bruce D. Koffsky* _
Bruce D. Koffsky


_/s/ *Peter J. Schaffer*___
Peter J. Schaffer


BDK/me
cc:   All Counsel of Record