# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 7, 2021

***By ECF***
The Honorable Nelson S. Roman
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: **United States v. Helbrans and Rosner**
   **19 Cr. 497 (NSR)**

Your Honor:

Defendants object to the following aspects of the Court's proposed jury charge as set forth in Draft 2 of the proposed charge. We also object to the failure of the charge to include the defense theory of the case.

The proposed charge regarding the intent required for a conviction on Counts 1 and 2 misstates the law and impermissibly dilutes the government's burden of proof. The proposed instruction is also unbalanced and argumentative because it focuses on what the government does not have to prove to establish the necessary intent.

We request the Court to substitute the following instruction which accurately reflects the Second Circuit's repeated holding that a defendant cannot be convicted of violating Title 18, U.S.C. Secs. 2423(a) and 2423(b) unless there is proof beyond a reasonable doubt that a

"dominant" purpose of the transportation was to engage in illicit sexual activity and that such purpose must predominate over other less powerful motivations.

*The purpose which the government must prove is the intent that the minor engage in sexual activity for which any person can be charged with a criminal offense. To satisfy this element, the government must prove beyond a reasonable doubt that a dominant purpose of transporting the minor from one state or country to another was that she engage in criminal sexual activity. Transportation of a minor may have several purposes and the government does not have to prove that the intent for a minor to engage in sexual activity was the sole reason for the transportation in order to prove that it was the "dominant" reason. In the context of multiple purposes, "dominant" simply means that these motivations predominate over other, less powerful, motivations for conduct."*

See: *United States v. Miller,* 148 F.3d 207 (2d Cir. 1998)(approving instruction that told jury it had to find that intent to engage in illicit sexual activity must have been "one of the dominant purposes of the trip" and stating that "dominant" in this contest "simply means that these motivations predominate over other, less powerful, motivations for conduct"); *United States v. Vargas-Cordon*, 733 F.3d 366, 376 , 377(2d Cir. 2013)(statute requires that purpose of engaging in criminal sexual activity be "a dominant purpose of the transportation; element satisfied where jury had ample basis to conclude that "a predominant reason—if not *the* dominant reason" was facilitate illicit sexual activity); *United States v. Jass*, 331 F. Appx 850, 853 (2d Cir, 2009)(citing *Miller,* Court correctly charged jury that when an act has multiple purposes, "dominant purpose" is met "if the evidence shows that the desire to engage in sexual activity 'predominates over other, less powerful, motivations.'").

We object to the language in the proposed charge which states that the government need not prove that transportation to engage in illicit sexual activity was "even the primary purpose" and that the government need not prove that "the sexual activity was the most important purpose for the transportation." As indicated above, this whittled-down intent requirement finds no support in Second Circuit case law. Indeed, the objected to language is directly at odds with *Miller's* statement that "dominant" means that "these motivations predominate over other, less powerful, motivations for conduct." [1] Accordingly, the objected to language should be removed from the charge.

Additionally, as presently constituted, the charge goes on at great length to explain what the government does *not* have to prove to establish intent before stating what the government does have to prove. We request that the charge on intent begin with what the government is required to prove because it is the government that bears the burden of proof.

---

[1] There do not appear to be any cases from the Second Circuit that have approved the objected to language and the government's November 1. 2021 letter with respect to the intent charge does not claim otherwise.

2

**Defense Theory**

We also request that the Court provide, as requested in our letter of November 5, 2021, an instruction on the defense theory of the case. Any defense theory instruction must reflect that it is the defendants' contention that they contend that the sole, or at least predominant, purpose of the transportation was to rescue Jane and John from physical and emotional abuse. The Court should then instruct the jury that if it finds this to be the purpose of the transportation, it must find the defendants not guilty on Counts 1 and 2.

It is not a defense theory of the case instruction to charge the jury that they must acquit the defendants "If you find that having Jane Doe engage in criminal sexual activity was not a significant or motivating factor agreement to transport from one state to another." That language merely repeats the earlier portion of the charge that "the government must prove beyond a reasonable doubt that one of the significant or motivating factors…was to have the minor engage in [illicit] sexual activity." A defense theory instruction has to focus the jury on the defense theory—not just reiterate that the defendants are denying the allegations against them.

**Conscious Avoidance**

There is no basis for giving a conscious avoidance charge in this case. Giving such a charge would be patent error that could never be considered harmless.

The test for when a conscious avoidance charge is permissible has two prongs. First, the defendant must assert the lack of some specific aspect of knowledge required for conviction. Second, there must be an appropriate factual predicate for the charge, that is, the evidence is such that a rational juror may reach a conclusion beyond a reasonable doubt that a defendant was aware of a high possibility of the fact in dispute and consciously avoided confirming that fact. *United States v. Fofanah*, 765 F.3d 141, 144-145); *United States v. Cuti*, 720 F.3d 453 463 (2d Cir. 2013); *United States v. Ferrarini*, 219 F.3d 145, 154 (2d Cir. 2000).

Neither defendant has asserted the lack of some specific aspect of knowledge required for conviction. Nor, of course, given this is there (or could be) any factual predicate for the charge. Accordingly, a conscious avoidance charge may not be given.

If the charge is given, it would constitute reversible error in the event of a conviction. The charge is completely untethered to any actual issue in the case. It would, however, give rise to the very real possibility that the jury might find guilt based not on what the government proved but on what the defendants supposedly avoided knowing.

Counsel for Nachman Helbrans joins in these requests.

Respectfully submitted,


 /s/   Mark Gombiner
Mark B. Gombiner
Jason Ser

Attorneys for Mayer Rosner

Cc: AUSA James Ligtenberg
    AUSA Jamie Bagliebter
    AUSA Daniel Tracer
    AUSA Samuel Adelsberg