

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

November 7, 2021

**BY EMAIL**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

      Re:    *United States v. Nachman Helbrans and Mayer Rosner*, S3 19 Cr. 497 (NSR)

Dear Judge Román:

The Government respectfully submits this letter in response to (1) the Court's November 5, 2021 email regarding the draft jury charge; and (2) defense counsel's November 5, 2021 letter requesting a defense theory of the case instruction. As discussed below, the Government respectfully requests a few minor edits to the charge.

**Defense Theory Instruction**

Defense counsel's letter requested specific language regarding a defense theory of the case. In response, the Court added an abbreviated version of the defense theory charge to Counts One and Two. Specifically, the Court added the following language to the charge for Counts One and Two, respectively:

> If you find that having Jane Doe engage in criminal sexual activity was not a significant or motivating factor for any agreement to transport from one state or country to another, then you must acquit the Defendants on Count One.
>
> . . . .
>
> If you find that having Jane Doe engage in criminal sexual activity was not a significant or motivating purpose for any agreement to travel from one state or country to another, then you must acquit the Defendants on Count Two.

The Government agrees with the Court's approach. However, the Government respectfully requests some very minor edits to the language in order to avoid juror confusion. Under the current language, the Government is concerned that jurors may think they need to find an intent that Jane Doe engage in sexual activity for which *she herself* could be charged with a crime—as opposed to sexual activity for which *someone else* could be charged with a crime. That is because the current

language refers to "having Jane Doe engage in criminal sexual activity." In order to avoid any confusion, the Government respectfully proposes the following language instead:

> If you find that having Jane Doe engage in *sexual activity for which any person can be charged with a crime* was not a significant or motivating factor for any agreement to transport from one state or country to another, then you must acquit the Defendants on Count One.
>
> . . . .
>
> If you find that having Jane Doe engage in *illicit sexual conduct* was not a significant or motivating purpose for any agreement to travel from one state or country to another, then you must acquit the Defendants on Count Two.

Aside from these small changes, the Government agrees with the Court's approach to the defense theory of the case instruction.

The Government opposes the language proposed in defense counsel's November 5, 2021 letter, because that language creates a substantial likelihood of juror confusion. The proposed language may cause jurors to believe that if they conclude that one purpose of the transportation and/or travel was a rescue operation, they must acquit. But that is not the law. Even if the jurors determine that one significant purpose of the transportation/travel was a rescue, they must still convict (assuming all other elements are satisfied) if they find that *another* motivating purpose of the transportation/travel was criminal/illicit sexual activity.

Defense counsel's letter cites *United States v. Evangelista*, 122 F.3d 112 (2d Cir. 1997) for the proposition that a criminal defendant has a right to a charge which reflects the defense theory as long as there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court. Of course, as the Court knows, the law is much more nuanced than that. In fact, in the very case cited by defense counsel (*Evangelista*), the Second Circuit *rejected* the defendants' argument "that the district court erred by refusing to instruct the jury as to their specific theories of defense," and affirmed the convictions in full. *Id.* at 114. In addition, the Second Circuit in *Evangelista* made absolutely clear that the "defendants are 'not necessarily entitled to have the exact language of the charge they submitted to the district court read to the jury.'" *Id.* at 116 (citation omitted).

As the Second Circuit has repeatedly held, a defendant is only entitled to a defense theory instruction where the requested instruction (1) "is legally correct"; (2) "represents a theory of defense with basis in the record that would lead to acquittal"; and (3) "the theory is not effectively presented elsewhere in the charge." *United States v. Han*, 230 F.3d 560, 565 (2d Cir. 2000) (citations omitted). Here, the Government submits that defense counsel's proposed instruction poses a substantial risk of the jury misunderstanding the law. Moreover, with the addition of the Court's abbreviated version of the defense theory charge, defense counsel's theory of the case is "effectively presented elsewhere in the charge." *Id.* There is therefore no need to add any other language to the charge. *See id.* ("[The defendant] cannot dictate the precise language of the charge.").

**Religious Motivation Defense Instruction**

Finally, the Government requests the following, short addition to the jury charge:

Religious motivation is not a defense to otherwise criminal conduct. The fact that a practice or action is purportedly supported by a religious creed affords no defense in a prosecution for that conduct. It is no defense to any of the charges in the indictment that the defendants believed their actions were sanctioned by their religious beliefs, provided you find that the Government has satisfied its burden to prove all of the elements of the offense.

This proposed instruction is drawn straight from page 67 of Your Honor's October 12, 2021 opinion resolving the motions *in limine,* and the cases cited therein. *See* Dkt. 388. The Government believes that this instruction is necessary in light of the defendants' testimony that their religious beliefs compelled and justified their actions in this case. *See, e.g.*, Trial Tr. at 1630 (Defendant Helbrans explaining that girls in Lev Tahor as young as 12 are married off because of Jewish law).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:  /s/ _____
      Samuel Adelsberg
      Jamie Bagliebter
      Jim Ligtenberg
      Daniel Tracer
      Assistant United States Attorneys
      (212) 637-2494 / 2236 / (914) 993-1953

cc:    Defense Counsel (by Email)