```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/08/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

NACHMAN HELBRANS,

                Defendant.

S3 19-CR-497 (NSR) (01)

ORDER

NELSON S. ROMÁN, United States District Judge:

On September 28, 2021, the Government filed the S3 Superseding Indictment charging Defendant Nachman Helbrans and other members of Lev Tahor[1] with various counts related to the kidnapping of two minors—John Doe and Jane Doe—from their Mother in New York. On November 10, 2021, a jury convicted Defendant of all charges the Government brought against him.[2]

Presently pending before the Court is Defendant's motion for a new trial and for judgment of acquittal. ("Motion," ECF No. 435.) Therein, Defendant advised that he would be filing a memorandum in support of his motion in accordance with the briefing schedule the Court issued at the end of the trial. (*Id.*) However, to date, the docket shows that Defendant did not file any memorandum in support of his motion, and his motion as filed fails to provide any basis upon which a judgment of acquittal is warranted under Federal Rule of Criminal Procedure 29 or a new

---

[1] The Government also charged Mayer Rosner (02), Aron Rosner (03), Jacob Rosner (04), Matityau Moshe Malka (05), Yakov Weingarten (06), Shmiel Weingarten (07), Yoil Weingarten (08), and Mordechay Malka (09). Mayer Rosner was tried and convicted alongside Defendant in October 2021. The Court has set trial dates for Jacob Rosner and Mordechay Malka to commence in May 2022, and for Aron Rosner and Matityau Moshe Malka in June 2022. The Weingartens have not appeared before this Court; the Court understands that the Weingartens are currently in custody in Guatemala awaiting extradition to the United States in connection with this matter.

[2] Specifically, the jury convicted Defendant of: one count of conspiracy to transport a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); one count of conspiracy to travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b); one count of conspiracy to kidnap, unlawfully use a means of identification and enter by false pretenses the secure area of an airport, in violation of 18 U.S.C. § 371; and three counts of international parental kidnapping, in violation of 18 U.S.C. § 1204(a).

trial under Rule 33. The Government opposes the motion and asks the Court to deny Defendant's boilerplate motion. ("Response in Opposition," ECF No. 464.)

## I. Federal Rule of Criminal Procedure 29

After a jury returns a guilty verdict, Federal Rule of Criminal Procedure 29(c) allows a district court to, upon the defendant's motion, "set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29. Courts evaluating a motion under Rule 29 should "review all of the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker,* 191 F.3d 326, 333 (2d Cir. 1999) (internal quotation marks omitted); *United States v. Martinez*, 54 F.3d 1040, 1042 (2d Cir. 1995) (same). Courts must uphold a jury verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)); *accord United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002). In a close case, where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (quoting *United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999)) (internal quotation marks and brackets omitted). "'A judgment of acquittal' is warranted 'only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" *United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013) (quoting *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004)).

The burden is on the defendant to make this showing, and the Second Circuit has repeatedly described that burden as "very heavy." *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002), *abrogated on other grounds*; *see also United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010).

"[T]he task of choosing among competing, permissible inferences is for the [jury], not for

the reviewing court." *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001). Moreover, the Court must analyze the pieces of evidence "not in isolation but in conjunction," *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994), *abrogated on other grounds*; *see Autuori*, 212 F.3d at 114, and must apply the sufficiency test "to the totality of the government's case and not to each element, as each fact may gain color from others," *Guadagna*, 183 F.3d at 130; *Reyes*, 302 F.3d at 53 ("we consider the evidence as a whole"); *Persico*, 645 F.3d at 104. The Court must also "credit[] every inference that the jury might have drawn in favor of the government," *United States v. Temple*, 447 F.3d 130, 137 (2d Cir. 2006) (internal quotation marks omitted), because "the task of choosing among competing, permissible inferences is for the fact-finder, not for the reviewing court," *United States v. McDermott*, 245 F.3d 133, 137 (2d Cir. 2001). "These standards apply whether the evidence being reviewed is direct or circumstantial." *Persico*, 645 F.3d at 105.

## II. Federal Rule of Criminal Procedure 33

Federal Rule of Criminal Procedure 33(a) allows a district court, upon the defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Although the Court "has broad[] discretion to grant a new trial under Rule 33[,]" it "nonetheless must exercise [its] Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'" *United States* v. *Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quoting *United States* v. *Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)); *United States* v. *Wong*, 78 F.3d 73, 79 (2d Cir. 1996). Indeed, "motions for a new trial are disfavored in this Circuit." *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995).

"The defendant bears the burden of proving that he is entitled to a new trial under Rule 33." *United States* v. *McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (internal citations omitted). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice," *Ferguson*, 246 F.3d at 134 (citing *Sanchez*, 969 F.2d at 1414), and there "must be a real

concern that an innocent person may have been convicted," *Sanchez,* 969 F.2d at 1414.

After reviewing the trial transcripts and the evidence presented at trial, and construing the same in the light most favorable to the Government, the Court concludes that any rational trier of fact could have found the essential elements of the crimes charged against Defendant beyond a reasonable doubt. Thus, the Court concludes that Defendant fails to carry his burden in establishing that a judgment acquittal is warranted under Rule 29 by showing that the evidence that he committed the offense "is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *Jiau*, 734 F.3d at 152 (quotations omitted). Moreover, the Court also concludes that Defendant fails to carry his burden in identifying any "manifest injustice" or any other reason upon which the interests of justice would warrant a new trial under Rule 33.

Accordingly, the Court DENIES Defendant's motion for a new trial and for judgment of acquittal. The Clerk of Court is directed to terminate the motion at ECF No. 435.

Dated: March 8, 2022
       White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge