

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY

SBraverman@FBDMLaw.com

April 6, 2022

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:     *United States v. Jacob Rosner*
Dkt.:   19 Cr 497 (NSR)

Dear Judge Roman:

Please accept this letter brief in lieu of more formal papers. I am trial counsel for Jacob Rosner and I write in opposition to the Government's Motions in Limine [Dkt. No. 478]. Principally, the Government seeks the admission of testimony regarding:

1) Prior bad acts of others (including others not on trial and that are unrelated to the current charges) while at the same time seeking to preclude arguments that might be made by the defense,

2) Statements made by others alleged to be in furtherance of a conspiracy,

3) The admission of records prior to trial (rather than during the normal process of through a witness.)

1. <u>Prior Bad Acts of Others</u>

The Government outlines a narrative in its motions *in limine* that is both thrilling to read and suggestive that Jacob Rosner was a main participant in the "rescue" operation and a decision maker with Nachman Helbrans and Mayer Rosner. From pages 1-6, there is an outline of activities which conflates the actions of one person with another, oftentimes without notice to the reader that the protagonist of the story has changed. For example, the Government narrative

1

states that Jacob Rosner acted with co-conspirators to plan the December 8 "rescue" operation and to be present at the "rescue" to make it successful. Only a close read of the script shows that Jacob Rosner doesn't meet up with Victim 1 until she is in Mexico, where Jacob Rosner has been waiting for her. Surprisingly, Jacob Rosner doesn't get a footnote acknowledging this concession like Matityau Malka gets on p. 4 at *fn* 4.

Further, in the alleged March 2021 "kidnapping" that the Government seeks in introduce in Jacob Rosner's trial, it appears that Jacob Rosner had neither knowledge of, nor participated in any way, in this alleged event. Clearly whatever conspiracy he may have belonged to in 2019 ended for him well before March 2021. Admission of this irrelevant, extremely prejudicial testimony which has nothing to do with Jacob Rosner's case would be impermissible and subject him to an unfair trial. If the Court allows this testimony, no limiting instruction would be sufficient and Jacob Rosner will need to move this Court for a severance from the trial of his co-defendants.

The Second Circuit allows actions and statements to be admitted at trial as direct evidence (as opposed to F.R.E. 404(b) evidence) if it 1) arose out of the same transaction or a series of transactions as a charged offense, 2) is in extremely intertwined with the evidence regarding the charge defense, or 3) is necessary to complete the story of the crime on trial. *United States v. Carboni*, 204 F.3d 39 (2d Cir. 2009). Jacob Rosner is charged with interfering with a court order out of the family court in Kings County, New York. The alleged happenings in Guatemala prior to the entry of the order in Brooklyn, or the Government speculates might happen if the alleged interference was successful is 1) not part of the same transaction; 2) not inextricably intertwined with the court order and the alleged "rescue" mission; and 3) does not complete any story related to the alleged "rescue" mission. Therefore, this testimony is irrelevant under FRE 401 and whatever minimal probative value it may have is substantially outweighed by its prejudicial effect on Jacob Rosner and thus is precluded under FRE 403.

The defense recognizes the Second Circuit has taken an "inclusory approach" to the admission of prior act evidence, however, evidence of prior wrongs or bad acts is still not admissible to show a defendant's criminal propensities. *United States v. Brennan*, 798 F.2d 581 (2d Cir. 1986) and this Circuit has been quick to reverse convictions when it decided that improperly admitted 404(b) material adversely affected the jury's consideration of the evidence relevant to the charges in the indictment. In *United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980), the Court reversed a conviction where evidence was adduced concerning a prior drug sale and the defense was based on the theory that actually charged conduct had never taken place.

FRE 404(b) allows extrinsic evidence if it proves "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The "background" testimony about sex life in Guatemala fails to satisfy any of 404(b)'s broad list of admissible evidence. There is no evidence from any witness as to sexual activities in the United States or that occurred during the alleged "rescue" mission. Even if the motive for the "rescue" mission was to bring Victim 1 back to Guatemala (and this Court will instruct this jury that motive is not an element to be proved), the actions of other defendants not on trial does not make

2

225 Broadway, Suite 715  
New York, New York 10007  
Tel (212) 566-6213  
Fax (212) 566-8165  

505 Eighth Avenue, Suite 300  
New York, New York 10018  
Tel (212) 967-0352  
Fax (201) 596-2724  

1086 Teaneck Road  
Teaneck, New Jersey 07666  
Tel (201) 569-1595  
Fax (201) 596-2724

the testimony of Government witnesses more likely to be true, nor does it rebut any defense Jacob Rosner intends to offer. The admission of the sex life of people in Guatemala who are not on trial here, as either direct evidence or 404(b) evidence, would impermissibly invite the jury to speculate and to be motivated by salacious but irrelevant testimony that distracts from the charged crimes. Such evidence, lacking probative value and being highly speculative, violates FRE 403's prohibition of prejudicial but speculative evidence. It is irrelevant under FRE 401. Such arguments by the Government during the trial will draw an objection as inviting the jury to speculate in the absence of evidence which properly supports such an inference. Therefore, it must be excluded.

Other crimes and bad act evidence, because it improperly implicates a defendant's character and propensity for criminal conduct, is subject to careful analysis. The United States Supreme Court pointed out in *Michelson v. United States*, 335 U.S. 469 (1948), that the problem with this evidence is not that the evidence lacks persuasive value, but rather that such evidence tends "to weigh too much with the jury and to so over persuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge." Id. at 475-476. Proffered evidence that merely shows possible criminal propensity is inherently prejudicial and should not be admitted at trial. Rule 404(b) must be read *in para matieria* with Fed. R. Evid. 403, which provides for the: "exclusion of relevant evidence if its introduction: is substantially outweighed by the danger of unfair prejudice; confusion of the issues; or misleading of the jury; or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Evidence proffered under Rule 404(b), even if it satisfies the criteria for that Rule, must also be offered for a proper purpose, and it must be relevant under Rule 402. See *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988).[1] Here, the proffered evidence meets none of the requirements of *Huddleston*.

The Government here has failed to satisfy the standard requiring the government establish that the evidence sought to be introduced is "intrinsic" or is "inextricably intertwined with," the charged crimes or the charged crimes are not straightforward and cannot be understood without reference to the uncharged acts. *United States v. Newton*, 2002 WL 230964, (S.D.N.Y. February 14, 2002) The allegations contained in the indictment are clear as day and the proffered evidence of prior crimes and bad acts are not crucial information without which the jury would be confused. A prior bad act that is similar to the instant offense, but which does not involve the same complainant is clearly not inextricably interwoven into the fabric of testimony. Nor is there any witness who would testify that the prior events complete the narrative of the instant event as they are separate crimes, separate in time, separate in victims, and outside the scope of the allegations in the indictment. Each of the cases cited by the government in its moving papers states unequivocally that when testimony is not inextricably interwoven into the charged crime, it is inadmissible. *See United States v. Romero-Padilla*, 583 F.3d 126, 130 (2d Cir. 2009); *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997); *United States v.*

---

[1] If 404(b) evidence is admitted, the court must, upon request, give a proper limiting instruction under FRE 105. *United States v. Slaughter*, 248 Fed.Appx. 210 (2nd Cir., 2007), quoting *Huddleston*, 485 U.S. 681, 691-92 (1988). *See* also *United States v. Lombardozzi*, 491 F.3d 61, 78 (2d Cir.2007).

3

*Quinones*, 511 F.3d 289, 309 (2d Cir. 2007); *United States v. Robinson*, 702 F.3d 22, 37 (2d Cir. 2012); *Carboni*, *supra*; and *United States v. Graziano*, 558 F. Supp. 2d 304, 320 (E.D.N.Y. 2008).

  The Government's suggestion that a limiting instruction can overcome the substantial prejudice and minimal evidentiary value of the sex life of people in Guatemala is unpersuasive. The Court will instruct the jury on the difference between an evidentiary based inference and a baseless speculation. To repeat this instruction every time the Government makes an improper argument to the jury doesn't make the trial more fair; it underscores the need to prohibit the argument. The Government can't argue both sides of the issue: the motive of the prior trial's defendants may have been relevant to why they led a group, but the Government here now argues that there is no prejudice to these trial defendants because someone else has the motive. That argument re-enforces the point that this testimony is irrelevant in our trial.

  Finally, the Government concedes that sometimes evidence that may be tangentially related to the charges in the indictment may still be inadmissible, despite its prurient nature. It writes:

> Evidence is unfairly prejudicial "only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). Other crimes evidence is not unfairly prejudicial where it is not "any more sensational or disturbing than the crimes" with which the defendant has been charged. *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); *see also United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999) (Evidence is not unduly prejudicial under Rule 403 when it is not "more inflammatory than the charged crime[s]."); *United States v. Thompson*, 359 F.3d 470, 479 (7th Cir. 2004) ("Evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." (citation and internal quotation marks omitted))."

[Dkt entry 478 Government Motion in Limine, p. 10].

  Here it is clear that the evidence the Government seeks to include is *exactly* the type of evidence that *Figueroa, Roldan-Zapata,* and *Thompson* all described as inadmissible.

2. <u>Co-Defendant's Prior Statements</u>

  The Government seeks to introduce statements (which haven't been disclosed and thus it is impossible to address directly), that are allegedly made by conspirators to non-conspirators (which by definition can't be in furtherance of any conspiracy), and are made by persons who the Government alleged in the last trial and in papers did what they wanted to do regardless of what others in the community wanted to do (and thus the more relevant group for FRE 801(d)(2) analysis would be just the last trial's defendants). Unless the Court will preclude this testimony

4

**225 Broadway, Suite 715**  
**New York, New York 10007**  
**Tel (212) 566-6213**  
**Fax (212) 566-8165**

**505 Eighth Avenue, Suite 300**  
**New York, New York 10018**  
**Tel (212) 967-0352**  
**Fax (201) 596-2724**

**1086 Teaneck Road**  
**Teaneck, New Jersey 07666**  
**Tel (201) 569-1595**  
**Fax (201) 596-2724**

because it fails under FRE 801(d)(2), then a discussion by the parties should be deferred until such time as the Government discloses the entirety of the statements *and* the parties can be heard (*ex parte* jury) on the merits or failure to meet the relevancy requirements of FRE 401, the admissibility requirements of FRE 402, and overcome the substantial prejudice hurdle of FRE 403.

Statements made by the prior trial's defendants (which that evidence clearly proved acted within their own small circle and didn't include others in either decision making or even shared factual information with other), suggests that Jacob Rosner isn't a co-conspirator under 801(d)(2) of Nachman Helbrans or Mayer Rosner, and thus their statements don't satisfy the common intent principle that forms the basis for admission under FRE 801(d)(2).

Under Rule 801(d), an out-of-court statement is admissible if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Preliminary determinations as to whether a speaker is a co-conspirator and whether the statement was made in furtherance of the conspiracy must be supported by a preponderance of the evidence. *United States v. Bourjaily*, 483 U.S. 171 (1987); *United States v. Coplan*, 703 F.3d 46 (2d Cir. 2011). Although a court may consider the content of the statement in determining whether a speaker, that is the person whose out of court statement the party seeks to introduce is a co-conspirator, there must be independent evidence which provides corroboration. *Bourjaily*, *supra* at 175-76. "Preliminary questions of this nature are to be resolved by the court by a preponderance of the evidence, which may include reference to the hearsay statements themselves so long as other independent evidence corroborates the fact of the defendant's participation in the conspiracy." *United States v. Hernandez*, 521 F. App'x 14, 17 (2d Cir. 2013).

Caution must be taken that where the admission of an alleged co-conspirator's statement violates the rule against "double hearsay". At the most basic level, the Sixth Amendment's right to confrontation and the exceptions to the prohibition against hearsay are designed to ensure that a witness' account of another's statement is, if nothing else, a reliable recounting of that statement, regardless of whether the statement is offered for the truth of the matter asserted. Even where hearsay is admissible, or where an out-of-court statement is characterized as non-hearsay, the defendant must be afforded an opportunity to cross examine the witness who claims to have heard the out-of-court statement to test the accuracy of the witnesses' account of the statement. This is the Sixth Amendment foundation of the rule against "double hearsay." FRE Rule 805. Double-hearsay does not become admissible simply because it is embedded in a co-conspirator statement. *United States v. Ferguson*, 653 F.3d 61 (2d Cir. 2011); *United States v. Kaiser*, 609 F.3d 556 (2d Cir. 2010); *United States v. Robison*, 2000 U.S. App. LEXIS 2272, at *23-24 (6th Cir. 2000).

3. Preclusion of any Defense Arguments

The Government argues that "the court should preclude the defendants from questioning the mother's parental rights during the entire period charged in the indictment." The Government is urging the Court to commit reversible error on an issue that is so basic that it

5

would be plain error even in the absence of an objection – that the Government has to prove each and every element of the offense beyond a reasonable doubt.  The Court can no more preclude a defendant from disputing proof of an element of the offense than it can instruct the jury that an element has already been proven or is satisfied as a matter of law.  See *United States v. Gaudin*, 515 U.S. 506, 510, 513, 522-23 (1995) ("The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged" . . . There is a "historical and constitutionally guaranteed right of criminal defendants to demand that the jury decide guilt or innocence on every issue, which includes application of the law to the facts"); *United States v. Parkes*, 497 F.3d 220, 229 (2d Cir. 2007) (it is improper to charge a jury that drug distribution, by law, satisfies the interstate element of a crime);  *United States v. Drury*, 396 F.3d 1303, 1313-14 (11th Cir. 2005) (jurisdictional interstate nexus is  a substantive element of the murder-for-hire statute and defendant "has a constitutional right to have a jury determine whether the requirement is satisfied"); *United States v. DeFries*, 327 U.S. App. D.C. 181, 129 F.3d 1293, 1310-11 (1997) ("if jury instructions remove an element of a crime from the jury's consideration, then those instructions are flawed as a matter of law," citing *Gaudin*, 515 U.S. at 522-23; *Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993)).

Further, the Government claims that the Court has already decided that the marriage was invalid.  But there is no law of the case doctrine in criminal cases, especially when the defendant was not a party to the prior proceeding and did not have an opportunity to heard. That prior ruling does not control here.  See, e.g., *United States v. Marguet-Pillado*, 560 F.3d 1078 (9th Cir. Cal., 2009).

4.   Joining in the Arguments of Co-Defendants

Jacob Rosner joins in the arguments of Matityau Moshe Malka [Dkt entry 482] at Point 1 ("Redaction of certain language from the indictment and preclusion of evidence") and Point 2 ("The Court should Preclude the Government from Admitting in evidence the written Statement of Matityau Malka dated February 18, 2021").

Jacob Rosner joins in the arguments of Mordechay Malka [Dkt entry 525] at Annex 8 [Dkt entry 525, pp. 805-842] regarding a new expert opinion on the legality of the marriage between Jacob Rosner and Victim 1.

### CONCLUSION

Therefore, for the forgoing reasons, the evidence should be excluded, or a decision on such evidence should be deferred until the issue is properly ripened before the Court.


Respectfully submitted,

| | | |
|---|---|---|
| **225 Broadway, Suite 715** | **505 Eighth Avenue, Suite 300** | **1086 Teaneck Road** |
| **New York, New York 10007** | **New York, New York 10018** | **Teaneck, New Jersey 07666** |
| **Tel (212) 566-6213** | **Tel (212) 967-0352** | **Tel (201) 569-1595** |
| **Fax (212) 566-8165** | **Fax (201) 596-2724** | **Fax (201) 596-2724** |

*Sam Braverman*
Samuel M. Braverman, Esq.
Fasulo Braverman & Di Maggio, LLP
225 Broadway, Suite 715
New York, New York 10007
Tel. 212-566-6213

7

**225 Broadway, Suite 715**              **505 Eighth Avenue, Suite 300**         **1086 Teaneck Road**
**New York, New York 10007**           **New York, New York 10018**             **Teaneck, New Jersey 07666**
**Tel (212) 566-6213**                          **Tel (212) 967-0352**                            **Tel (201) 569-1595**
**Fax (212) 566-8165**                          **Fax (201) 596-2724**                           **Fax (201) 596-2724**